UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ASHLEY B.,[1] | : | Case No. 1:23-cv-690 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[2]

Plaintiff Ashley B. brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. This case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record (Doc. #7).

## I.    **Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on February 4, 2019,[3] alleging disability due to worsening of her lumbar spine after her second fusion surgery, right hip pain, right leg numbness and tingling, and random muscle spasms. (Doc. #7-6, *PageID* #226). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. On October 15, 2020, the ALJ concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. (Doc. #7-2, *PageID* #s 37-52).

After the Appeals Council denied review, Plaintiff filed a previous case in the United States District Court for the Southern District of Ohio. Upon the parties' Joint Motion to Remand, this Court remanded the case to the Commissioner. *See [Ashley B.] v. Comm'r of Soc. Sec.*, No. 3:21-cv-258 (S.D. Ohio Dec. 14, 2021); (Doc. #7-10, *PageID* #s 1393-98). Upon remand, ALJ Adkins held a hearing via telephone on September 26, 2022, (Doc. #7-9, *PageID* #s 1335-69), and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since February 4, 2019, the application date. |
| Step 2: | She has the severe impairments of lumbar degenerative disc disease with radiculopathy and postlaminectomy syndrome, and status/post pelvis fracture. |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th |

---

[3] Plaintiff previously filed for benefits on November 30, 2012. That application was denied by administrative decision on March 21, 2014. (Doc. #7-3, *PageID* #s 76-96).

                        Cir. 2002), consists of "light work … with the following exceptions: [l]ifting and/or carrying 10 pounds occasionally and less than 10 pounds frequently. Standing and/or walking for a total of about 4 hours and [sitting] for about 4 hours in an 8-hour workday. No more than frequent balancing. No more than occasional stooping, kneeling, crouching, or climbing of ramps and stairs. No crawling, climbing of ladders, ropes, and scaffolds, or pushing and/or pulling with the bilateral lower extremities. [Plaintiff] should avoid unprotected heights."

                        She has no past relevant work.

Step 5:        She can perform a significant number of jobs that exist in the national economy.

(Doc. #7-9, *PageID* #s 1323-32). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since February 4, 2019, the date the application was filed. *Id.* at 1332.

       The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-9, *PageID* #s 1319-33), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.**    <u>**Standard of Review**</u>

       Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. **Discussion**

In her Statement of Errors, Plaintiff's raises several assignments of errors, including that the ALJ erred by (1) using the wrong legal standard, thus creating an unwarranted additional procedural burden for her to overcome; (2) improperly evaluating Plaintiff's symptom severity pursuant to SSR 16-3p; and (3) impermissibly interpreting a critical body of objective medical evidence not reviewed by any medical source but relied upon by the ALJ in crafting Plaintiff's RFC. (Doc. #8, *PageID* #s 2081-95); (Doc. #10, *PageID* #s 2124-32). In response, the Commissioner maintains that ALJ Adkins properly evaluated Plaintiff's current application with a "fresh review" by considering the subsequently submitted medical records and opinion evidence. (Doc. #9, *PageID* #s 2101-06). Additionally, the Commissioner contends that the ALJ properly evaluated Plaintiff's subjective symptoms and explained why they were not entirely believable. *Id*. at 2106-12. Finally, the Commissioner asserts that the ALJ crafted an RFC supported by substantial evidence. *Id*. at 2112-22.

### A. **Residual Functional Capacity (RFC)**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because he relied on "an outdated source opinion that did not include consideration of a critical body of objective medical evidence" and interpreted raw medical data to craft Plaintiff's RFC. (Doc. #8, *PageID* #s 2092-95) (citing *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-cv-25, 2011 WL 5024866, at *1-2 (N.D. Ohio Oct. 21, 2011). Specifically, according to Plaintiff, the ALJ interpreted nearly three years of medical evidence that was not considered by any medical source in functional terms, including records from her right sacroiliac joint fusion surgery in May 2022, which noted pre- and post-operative diagnoses of sacroiliac joint dysfunction; a CT scan[4] of her pelvis bone taken on February 15, 2022, showing chronic right sacral fractures with evidence of prior fixation with partial ankylosing of the right sacroiliac joint and L5-S1 ankylosing the anterior cortical plate; and a follow-up CT scan of her pelvis bone dated September 8, 2022, which revealed "incomplete fusion along the posterior aspect of the right sacroiliac joint." (Doc. #7-15, *PageID* #s 2026-28, 2044, 2071).

The Commissioner counters that *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008), *Kizys*' progenitor, is a non-binding district court decision, and is not controlling in this case. (Doc. #9, *PageID* #s 2113-14). Further, according to the Commissioner, *Deskin* conflicts with the regulations and Sixth Circuit case law, which state that an ALJ alone—not a physician— has the responsibility to determine Plaintiff's RFC. *Id*. at 2113-18. Finally, the Commissioner asserts that, even if the Court were to apply *Deskin* and its progeny, "remand is not warranted because the medical evidence showed relatively little impairment such that the ALJ could render

---

[4] Plaintiff misidentifies this CT scan as an MRI in her Statement of Errors, but correctly cites its findings. (Doc. #8, *PageID* #2094).

5

a commonsense judgement about Plaintiff's RFC." *Id*. at 2118-22. For the following reasons, the undersigned recommends that this matter be remanded.

The regulations and Sixth Circuit caselaw state that the final responsibility for deciding the RFC is reserved to the Commissioner, not a physician. *See* 20 C.F.R. § 416.927(d); *Coldiron,* 391 F. App'x at 439. Furthermore, the foundation of the ALJ's RFC does not have to be a physician's medical opinion, so long as the ALJ sufficiently "make[s] a connection between the evidence relied on and the conclusion reached." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).

Plaintiff relies on a line of Northern District of Ohio cases for the assertion that the ALJ's RFC determination is not supported by substantial evidence because he relied on a source opinion that predated a critical body of objective medical evidence, requiring remand. (Doc. #11, *PageID* #s 994-96) (citing *Deskin*, 605 F. Supp. 2d 908; *Kizys*, 2011 WL 5024866, at *1-2). Under the *Deskin* rule, "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated non-examining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Deskin*, 605 F. Supp. 2d at 912. As *Kizys* clarifies, however, *Deskin* is a narrow rule, not a bright-line test, that *potentially* applies only in two circumstances. *Id.* at *2. First, *Deskin* may apply when an ALJ makes a finding of work-related limitations based on no medical source opinion. *Id*. Second, it may apply when there is an outdated source opinion that does not include consideration of a critical body of objective medical evidence. *Id*. However, "the ALJ retains discretion to impose work-related limitations without a proper source opinion where 'the medical evidence shows 'relatively little

6

physical impairment' and an ALJ 'can render a commonsense judgment about functional capacity.'" *Id*. The Court, therefore, is not *required* to issue a remand "simply because a case falls within the *Deskin* rule." *Shelley v. Comm'r of Soc. Sec.*, No. 2:18-CV-676, 2019 WL 4023551, at *7 (S.D. Ohio Aug. 26, 2019) (Jolson, M.J.). However, for an ALJ to render a commonsense judgment about functional capacity because the medical evidence shows "relatively little physical impairment," "the medical evidence must be 'so clear' and 'undisputed,' that the ALJ could justifiably make an RFC finding without the aid of a current medical source. *Id*. (citing *Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *10 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted sub nom. Harris v. Colvin*, No. 15-CV-10966, 2016 WL 2848422 (E.D. Mich. May 16, 2016)).

In this case, as Plaintiff asserts, the second circumstance set out in *Kizys* is present. (Doc. #8, *PageID* #s 2092-95). The last medical opinion in the record is a May 21, 2020 response to the Social Security Administration's medical interrogatories from Plaintiff's primary care physician, Robert J. Smith, D.O. (Doc. #7-8, *PageID* #1073-79). Notably, Dr. Smith's opinion occurred in 2020, two years before Plaintiff had a pre-operative CT scan showing chronic right sacral fractures with evidence of prior fixation with partial ankylosing of the right sacroiliac joint, underwent right sacroiliac joint fusion surgery, and had a subsequent CT scan showing chronic right sacral fractures with evidence of prior fixation with partial ankylosing of the right sacroiliac joint and L5-S1 ankylosing the anterior cortical plate and "incomplete fusion along the posterior aspect of the right sacroiliac joint." (Doc. #7-15, *PageID* #s 2026-28, 2044, 2071). As a result, when Dr. Smith assessed Plaintiff's functional limitation, he had no ability to opine how Plaintiff's functional limitations may be affected by her surgical procedure and CT scans, which indicate a deterioration

of Plaintiff's condition. *See Banks v. Comm'r of Soc. Sec.*, No. 3:19-CV-307, 2020 WL 5757173, at *3–4 (S.D. Ohio Sept. 28, 2020) (Newman, M.J.) (remanding when the ALJ crafted an RFC where no medical source assessed an MRI indicating the plaintiff's worsening condition). Thus, while the ALJ found Dr. Smith's opinion "partially persuasive" and adopted some of his opined limitations into Plaintiff's RFC, Dr. Smith's 2020 opinion was "an outdated source opinion that does not include consideration of a critical body of objective medical evidence," potentially triggering *Deskin*.[5] (Doc. #7-9, *PageID* #1331).

Nonetheless, as the Commissioner contends, the ALJ could justifiably make an RFC finding without the aid of a current medical source under *Deskin* if the medical evidence shows "relatively little physical impairment." (Doc. #9, *PageID* #s 2118-122). However, the objective medical evidence not reviewed by a medical source in this case includes the February 15, 2022 CT scan showing chronic right sacral fractures *Id*. at 2044. Furthermore, the May 26, 2022 fusion surgery followed a completed "conservative treatment program" where Plaintiff still "[felt] [her] symptoms [were] intolerable." (Doc. #7-15, *PageID* #2026). The September 8, 2022 CT scan indicated that there were post-surgical changes of right sacroiliac fixation and anterior approach fusion. *Id*. at 2055. While these changes were without evidence of "acute complication," the CT scan also revealed "incomplete fusion along the posterior aspect of the right sacroiliac joint." *Id*. Moreover, at a September 15, 2022 follow-up evaluation, Plaintiff complained of a "numbness and tingling down the right leg … at times her leg feels heavy and she is worried it is going to give

---

[5] Crucially, the ALJ himself noted that Dr. Smith's "recommendations were given in May 2020, two years prior to [Plaintiff's] fusion operation." (Doc. #7-9, *PageID* #1331). Similarly, the ALJ found the state physicians' opinions "unpersuasive given the overall progression of [Plaintiff's] symptoms" since they had reviewed her records. *Id*. at 1330. Both findings indicate that the three medical opinions in the record did not include a body of objective evidence the ALJ relied on in crafting Plaintiff's RFC. *See Shelley*, 2019 WL 4023551 at *8-9 (citing *Snell v. Comm'r of Soc. Sec.* No. 3:18-CV-173, 2019 WL 3406435, at *3–4 (S.D. Ohio July 29, 2019) (Newman, M.J.).

8

out every other day or so." *Id*. at 2061. Shortly thereafter, on September 30, 2022, Plaintiff reported "progressive pain and sensory impairment in the right lower limb," and her physician noted that she had a "mild decrease recruitment in the right lower limb corresponding to the S1,2 myotomal distribution. This *may* indicate a mild S1 versus S2 radiculopathy. It *could also* indicate a remote S1 versus S2 radiculopathy stemming from prior trauma …" *Id*. 2074 (emphasis added). This body of evidence potentially indicates more than "relatively little physical impairment," as Plaintiff underwent joint fusion surgery, had CT scans before the surgery showing fractures and afterwards showing incomplete joint fusion, and Plaintiff's complaints of worsening pain and numbness in her leg after the surgery. *See Shelley*, 2019 WL 4023551 at *9 (finding the medical record "potentially indicates" more than "relatively little" impairment when there were three years of medical treatment records without an interpretative source opinion, including an MRI and worsening pain complaints). Finally, as evidenced by the September 30, 2022 examining doctor's conditional interpretation of Plaintiff's "mild decrease recruitment in the right lower limb corresponding to the S1,2 myotomal distribution," the medical evidence is not "so clear" and "undisputed" that the ALJ could justifiably make an RFC finding without the aid of a current medical source. *See Shelley*, 2019 WL 4023551 at *7.

In sum, while remand under *Deskin* is not automatically required whenever a plaintiff contends one of *Kizys*' circumstances is present in the case, courts in this district have remanded when a critical body of objective evidence demonstrates more than relatively little physical impairment and contains unclear or disputed medical evidence. *Shelley*, 2019 WL 4023551 at *8-9; *Snell*, 2019 WL 3406435, at *3–4. While the foundation of the ALJ's RFC does not have to be based on a physician's medical opinion, so long as the ALJ sufficiently "make[s] a connection

9

between the evidence relied on and the conclusion reached," the undersigned finds that in this case, the ALJ did not sufficiently make the connection because the evidence includes medical records that are not subject to an ALJ's commonsense judgment. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)). Accordingly, for the above reasons, the undersigned recommends that this matter be remanded.[6]

    **B.**    **Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may

---

[6] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #8) be **SUSTAINED;**

2. The Commissioner's non-disability finding be vacated;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations and any Decision and Entry adopting this Report and Recommendations; and

5. The case be terminated on the Court's docket.

January 30, 2025

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).