IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ASHLEY B., | : | Case No. 1:23-cv-690 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION (Doc. 11)**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Peter B. Silvain, Jr., (Doc. 11), to whom this case is referred pursuant to 28 U.S.C. § 636(b). Plaintiff Ashley B. brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Defendant Commissioner of Social Security's non-disability determination. In the Report and Recommendation (Doc. 11), the Magistrate Judge recommended that: (1) this Court sustain Plaintiff's Statement of Errors (Doc. 8); (2) vacate the Commissioner's non-disability finding; and (3) make no finding of Plaintiff's disability status but remand the case to the Social Security Administration for further consideration. (Report, Doc. 11, Pg. ID 2145.) Defendant filed Objections (Doc. 13). Plaintiff then filed a Response to Defendant's Objections (Doc. 14). Thus, the matter is ripe for review.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure Rule 72(b), the Court has made a de novo review of the record in this case. Judicial review of an administrative law judge's ("ALJ") decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). It is "less than a preponderance but more than a scintilla." *Id.* The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

Defendant objects to the Report and Recommendation based on its application of the *Deskin* rule. (Objections, Doc. 13, Pg. ID 2149.) Defendant argues that both its originating court and this Court have since rejected the rule, which "runs afoul" of the ALJ's authority. (*Id.* at Pg. ID 2149, 2152.) Further, Defendant argues that the *Deskin* rule conflicts with Sixth Circuit case law. (*Id.* at Pg. ID 2152.)

The Magistrate Judge relied, in part, on *Deskin v. Commissioner of Social Security*, 605 F. Supp. 2d 908 (N.D. Ohio 2008), in deciding to recommend remand for further consideration of Plaintiff's medical records. (Report, Doc. 11, Pg. ID 2138-39.) While the Report declines to assert that Plaintiff has a disability under the Social Security Act, it recommends vacating the current ALJ's determination because the ALJ "did not sufficiently make the connection" between the evidence relied on and the conclusion

2

reached. (*Id.* at Pg. ID 2143.) In other words, the evidence that the ALJ relied on was not subject to the ALJ's commonsense judgment. (*Id.* (citing *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019)).) To reach this conclusion, the Report applies the *Deskin* rule; Defendant objects to this application.

In *Deskin*, the District Court for the Northern District of Ohio held that "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated non-examining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." 605 F. Supp. 2d at 912. As the Report points out, the rule "potentially applies only" in those two cases of an under-developed record of diagnostic evidence. (Report, Doc. 11, Pg. ID 2139.) Still, under the *Deskin* rule, the ALJ "retains discretion to impose work-related limitations without a proper source opinion where the medical evidence shows relatively little physical impairment and the ALJ can render a commonsense judgment about functional capacity." *Kyzys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011) (cleaned up). The Report found that the last medical opinion in Plaintiff's record came from 2020, but the record also contained CT scans from 2022, and the ALJ relied, in part, on these later scans. (Doc. 11, Pg. ID 2140.) Thus, the Report recommends that, under the rule, the ALJ's decision should be remanded because the ALJ relied on evidence without a medical opinion (the later CT scans), and such evidence fell outside the scope of the ALJ's commonsense judgment. (*Id.*)

Defendant disagrees. First, Defendant points out that *Deskin* has been "rejected by both its originating court and this Court." (Objections, Doc. 13, Pg. ID 2150.) In support of this argument, Defendant cites Northern District of Ohio case law which stated that *Deskin* "conflicts with the regulations and Sixth Circuit case law." (*Id.* at Pg. ID 2150-51; *Carr v. Comm'r of Soc. Sec.*, No. 5:23-CV-187, 2024 WL 1343473, at *5 (N.D. Ohio Mar. 30, 2024); *see also Williams v. Astrue*, No. 1:11-CV-1569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 12, 2021) ("But [residual functional capacity] is for the ALJ to determine, *see* 20 C.F.R. § 416.945(a).")) And, this Court found similarly: "*Deskin* has been criticized by nearly two dozen cases, including this Court," as "not representative of the law established by the legislature, and [as] interpreted by the Sixth Circuit Court of Appeals." *Lawson v. Comm'r of Soc. Sec.*, No. 1:20-CV-324, 2021 WL 2659176, at *9 (S.D. Ohio June 29, 2021), *report and recommendation adopted*, 2021 WL 3663649 (S.D. Ohio Aug. 18, 2021) (quotation omitted).

Further, the law and this Court have made clear that the ALJ, when determining the residual functional capacity ("RFC") of a claimant, has "discretion to seek additional or clarifying information" if the information on the record is insufficient. (Objections, Doc. 13, Pg. ID 2151; *see also* 20 C.F.R. § 416.920b.) Code of Federal Regulations § 416.920b describes how the ALJ considers evidence in making an RFC determination. The process gives exclusive control over the consideration of evidence to the ALJ and does not mention any requirement of an ALJ to request a medical opinion for every piece of evidence. 20 C.F.R. § 416.920b. Defendant points not only to the Code, but also Sixth Circuit case law to establish that the ALJ has the sole responsibility to determine a claimant's RFC. (Objections, Doc. 13, Pg. ID 2151 (citing *Coldiron v. Comm'r Soc. Sec.*, 391

4

F. App'x 435, 439 (6th Cir. 2010)); *see also Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) ("An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary.")) In *Coldiron*, the Sixth Circuit held that the Social Security Act "instructs that the ALJ—not a physician—ultimately determines a claimant's RFC." 391 F. App'x at 439. And, the Sixth Circuit has stated that "to require the ALJ to base her RFC finding on a physician's opinion . . . would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Rudd v. Comm'r Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013).

Defendant also argues that *Deskin* strays from case law which states that an ALJ "can reject all medical evidence and still properly make an RFC finding based on the record as a whole." (Objections, Doc. 13, Pg. ID 2152.) Indeed, Defendant points to a Sixth Circuit case in which the court rejected the argument that an ALJ was required to receive a medical opinion before setting the RFC. (*Id.* (citing *Mokbel-Aljahmi v. Comm'r Soc. Sec.*, 732 Fed. App'x 395, 401 (6th Cir. 2018)).) The Sixth Circuit in *Mokbel-Aljahmi* found that the ALJ's RFC determination was supported by substantial evidence on the record, even though the ALJ declined to give any weight to the medical opinion provided or request additional opinion evidence. 732 F. App'x at 401-02. As Defendant put it, this Court "has upheld this principle that an ALJ is free to reject the medical opinions and make his own RFC determination because an ALJ need not rely on any medical opinions in crafting the RFC." (Objections, Doc. 13, Pg. ID 2152-53 (citing *Kevin v. Comm'r Soc. Sec.*, No. 1:22-CV-307, 2023 WL 4545164, at *7-11 (S.D. Ohio July 14, 2023)).) The Report does note that the "final responsibility for deciding the RFC is reserved to the Commissioner, not a

5

physician." (Report, Doc. 11, Pg. ID 2139.) But, the ALJ must "sufficiently make a connection between the evidence relied on and the conclusions reached." (*Id.*, quoting *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).) However, according to Defendant, the Report's conclusion that the ALJ's decision lacked the proper connection "invokes the 'commonsense judgment' language found in" *Deskin* and its progeny. (Objection, Doc. 13, Pg. ID 2150.) Thus, the Report's finding was in error. (*Id.*)

Finally, Defendant compares Plaintiff's medical evidence to the plaintiff's record in *Carr*, as in both cases, some evidence post-dated the medical opinions of the record. (Objections, Doc. 13, Pg. ID 2153.) According to Defendant, the ALJ provided a "detailed consideration of the medical evidence" following the May 2020 opinion. (*Id.*) Defendant also points out that the ALJ did consider the last medical opinion from May 2020, particularly in relation to Plaintiff's continued pain complaints. (*Id.*) The ALJ found some of the prior opinions to be unpersuasive, in accordance with the guidance provided in 20 C.F.R. § 416.920c. (*Id.* at Pg. ID 2154.) And, the ALJ found the May 2020 opinion "partially persuasive" because some of its recommendations were consistent with the record, but other recommended limitations were not. (*Id.* at Pg. ID 2154-55.) Nevertheless, in Defendant's estimation, the ALJ considered the entire record, from older medical opinions to recent medical evidence. (*Id.* at Pg. ID 2155.) Thus, the ALJ "demonstrated a clear consideration of the evidence postdating the medical opinions," indicating that the ALJ "supported his decision with substantial evidence," satisfying the standard of review under 40 U.S.C. § 405(g). (*Id.*; *see also Carr*, 2024 WL 1343473, at *7 (finding that, where the ALJ conducted a careful examination of all evidence, Plaintiff could not demonstrate that

new medical opinion was necessary).)

In response, Plaintiff alleges that she relied on cases besides *Deskin* to establish that ALJs "should not interpret a critical body of objective medical evidence in functional terms." (Response, Doc. 14, Pg. ID 2158.) Plaintiff states that a case is subject to remand if the ALJ makes a finding based on "no medical source opinion or an outdated source opinion that did not include consideration of a critical body of objective medical evidence." (*Id.* at 2158-59.) But, this argument comes from *Kizys*, a case that applies and narrows the *Deskin* rule. Nevertheless, Plaintiff points to other cases from the Southern District of Ohio in which the court found that the ALJs did not consider proper medical opinion. (*Id.*) Specifically, in *Colaner v. Commissioner of Social Security*, No. 12-CV-716, 2013 WL 5487037, at *4 (S.D. Ohio Sept. 30, 2013), and *Banks v. Commissioner of Social Security*, No. 3:19-CV-307, 2020 WL 5757173, at *3 (S.D. Ohio Sept. 28, 2020), the courts remanded the cases, finding that the ALJs' use of raw medical data with no opinion resulted in determinations unsupported by substantial evidence. (*Id.*)

However, these cases are not persuasive. First, *Colaner* is distinguishable, as the ALJ had no opinions to aid in the RFC assessment. 2013 WL 5487037, at *3. In contrast, the ALJ here had several medical opinions from both state agency physicians and Plaintiff's treating physician. (Report, Doc. 11, Pg. ID 2154-55.) In *Banks*, the record included medical opinions, but also included MRI reports that were not reviewed by medical sources. 2020 WL 5757173, at *3. These MRIs "indisputably showed" the plaintiff's impairment. *Id.* The court found that the lack of medical opinion on the MRIs showed that the ALJ's determination was not based on substantial evidence. *Id.* But, a

later case with a similar posture declined to follow *Banks*, finding that "Sixth Circuit precedent provides that the ALJ in this case was *not* required to obtain an updated medical opinion to evaluate the new medical evidence." *Abshire. v. Comm'r of Soc. Sec.*, 3:23-CV-238, 2024 WL 4010024, at *10 (S.D. Ohio Aug. 30, 2024), *report and recommendation adopted*, 3:23-CV-238 (S.D. Ohio Sept. 19, 2024). And, to the extent that *Banks*, *Deskin*, and related cases claim that an ALJ is not qualified to interpret raw medical data in functional terms, the court in *Abshire* noted that spine imaging reports, like the ones reviewed by the ALJ here, are not "raw medical data, because the raw medical data … was read and interpreted by a radiologist." *Id.* (cleaned up). These radiological interpretations are precisely the data upon which the ALJ relied here in determining the RFC, and such reliance was proper. *Id.*; *see also Rudd*, 531 F. App'x at 726-27.

Accordingly, the Court agrees with Defendant's analysis. The application of *Deskin* and its progeny is improper, as it contradicts not only statutory law, but Sixth Circuit case law as well. The ALJ had discretion to request additional medical opinions on the newer evidence, and chose not to, in accordance with 20 C.F.R. § 416.920b. And, the ALJ thoroughly reviewed both the available medical opinions, as well as the postdated new evidence, which included radiological interpretations, before making his determination on Plaintiff's RFC. (*See* Decision, Doc. 7-9, Pg. ID 1326-30.) The ALJ, within his discretion, did not find the record insufficient and was able to support his decision with substantial evidence. His rejection of some of the opinions, as well as his declination to collect more medical opinions, were appropriate and supported by a considerable amount of case law. *See, e.g., Mokbel-Aljahmi*, 732 F. App'x at 401; *Rudd*, 531 F. App'x at 728; *Coldiron*, 391 F.

8

App'x at 439. These cases directly contradict the *Deskin* rule, as the rule requires that the ALJ cannot consider evidence without a medical opinion and must request additional opinion or examinations. The Report relied heavily on *Deskin* and *Kizys* in finding that the ALJ could not reach his decision without acquiring additional medical opinion and thus failed to support his decision with substantial evidence. But, in light of the case law and statutes, this reliance was improper.

Furthermore, the Sixth Circuit has held that, when the evidence could support multiple conclusions, the decision of the ALJ "must stand if the evidence could reasonably support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). It was reasonable for the ALJ to find prior medical opinions unpersuasive, as, in some instances, they were inconsistent with evidence. (Doc. 7-9, Pg. ID 1330.) And, in other instances, the ALJ imposed greater functional limitations than were recommended by the doctors. (*Id.* at Pg. ID 1326.) These findings demonstrate that the ALJ conducted a thorough, holistic review of all the evidence in Plaintiff's record. *Mokbel-Aljahmi*, 732 F. App'x at 401-02 (finding that the ALJ decision was supported by substantial evidence where ALJ made thorough review of record, even where the ALJ declined to give weight to the medical opinions). The Court finds that the ALJ's actions comport with relevant statutes and case law and that he supported his determination with substantial evidence. His decision shall stand.

Accordingly, the Court finds that Defendant's Objections (Doc. 13) are well-taken and are thus **SUSTAINED**. The Court **REJECTS** the Report and Recommendation (Doc. 11) and **FINDS** that Defendant's decision is **SUPPORTED BY SUBSTANTIAL**

**EVIDENCE** and, therefore, **AFFIRMED**. Thus, this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND